IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ELIZABETH COLE,<br><br>          Plaintiff,<br><br>  vs.<br><br>STATE OF MONTANA,<br>HON. KAREN TOWNSEND, and<br>JANE COWLEY,<br><br>          Defendants. | CV 17-51-M-DLC-JCL<br><br>FINDINGS AND<br>RECOMMENDATION |

      Before the Court is Plaintiff Elizabeth Cole's motion, under 28 U.S.C. § 1915(a)(1), requesting leave to proceed with this action without paying the filing fee. Cole is appearing pro se.

      Cole submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears she lacks sufficient funds to prosecute this action IT IS HEREBY ORDERED that Cole's motion is GRANTED. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Cole's lodged pleadings as of the filing date of her request to proceed in forma pauperis.

      The federal statute under which leave to proceed in forma pauperis is

1

permitted – 28 U.S.C. § 1915 – also requires the Court to conduct a preliminary screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Cole's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## I.  Background

In her amended complaint Cole explains that in November 2016 State District Court Judge Karen Townsend issued a temporary restraining order against

her based upon a petition filed in state court by Jane Cowley. Cole complains the order unlawfully restrains her freedom of travel, interferes with her financial livelihood, and allegedly violates various fundamental rights protected under the United States Constitution. She implicitly invokes remedies afforded by 42 U.S.C. § 1983 for the alleged violations of her civil rights, i.e. monetary compensation and injunctive relief.

## II.  Discussion

Because Cole is proceeding pro se the Court must construe her pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). In view of the required liberal construction,

> a district court should grant leave to amend even if no request to amend the pleading was made, <u>unless</u> it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (emphasis added) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### A.  State of Montana

Cole names the State of Montana as a Defendant but she does not plead any facts suggesting the State of Montana committed any act or omission towards her

3

that could subject it to liability. Regardless, the State of Montana cannot be liable in this action.

Section 1983 permits claims under federal law against a local governmental entity, or a state official or employee, if the plaintiff can establish that the defendant was (1) acting under color of state law, and (2) deprived the plaintiff of a federal right secured by the Constitution or laws of the United States. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003).

But the State of Montana cannot be held liable under section 1983. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997). Section 1983 imposes liability against a "person" who deprives a plaintiff of a constitutional right, and a State is not a "person" for purposes of section 1983 liability. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). Thus, Cole's section 1983 claims against the State of Montana are subject to dismissal.

**B.     Jane Cowley**

Cole's allegations confirm that Cowley is the petitioner in the state court action in which Judge Townsend issued the restraining order. The allegations reflect Cowley, an attorney, instituted the underlying state court proceeding as a private citizen – not a state actor within the contemplation of § 1983.

As discussed, 42 U.S.C. § 1983 imposes liability against a person acting

4

under color of state law. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003). Section 1983, therefore, does not generally apply to the conduct of private parties. *Kirtley*, 326 F.3d at 1092. "The state-action element in § 1983 'excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" *Caviness v. Horizon Community Learning Center, Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *American Manufacturers Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

Because Cowley is a private person she does not qualify as a person acting under color of state law as is required to expose her to liability under section 1983. And Cowley's conduct as the petitioner invoking state legal procedures to obtain the subject restraining order does not qualify as conduct that satisfies section 1983's state-action requirement. *Schucker v. Rockwood*, 846 F.2d 1202, 1205 (9th Cir. 1988) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 n.21 (1982)). Therefore, Cole's section 1983 claims against Cowley are not cognizable.

### C. Judge Karen Townsend

Cole alleges Townsend is liable for issuing the subject restraining order. But judges are "absolutely immune for judicial acts." *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003). *See also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Judge Townsend's issuance of a ruling, order, or

judgment against Cole is "unquestionably a judicial act." *Simmons*, 318 F.3d at 1161. Thus, Cole's claim for damages against Townsend is barred by the doctrine of judicial immunity.

The Court recognizes judicial immunity does not always extend to claims for injunctive or declaratory relief. "[J]udicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984). Therefore, Cole's claim for injunctive relief is not barred by the doctrine of judicial immunity.

Nonetheless, the nature of Cole's request for injunctive relief dismissing the restraining order is such that the Court must abstain from exercising jurisdiction over that claim.

There is a strong policy against federal intervention in pending state judicial processes in the absence of extraordinary circumstances.[1] *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). *See also Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004) (quoting *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982)). "*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San*

---

[1] Federal courts may raise the issue of *Younger* abstention sua sponte. *See Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976) and *The San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n.5 (9th Cir. 1998).

*Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008). Specifically, *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state or local court proceedings. *Gilbertson*, at 381 F.3d at 968.

The Ninth Circuit has concluded that the federal courts must abstain under *Younger* if the following four requirements are met:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves.

*City of San Jose*, 546 F.3d at 1092 (citing *Gilbertson*, 381 F.3d at 978, and *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007)).

Where applicable, *Younger* abstention is mandatory. Absent exceptional circumstances, the district courts do not have discretion to avoid the doctrine if the elements of *Younger* abstention exist in a particular case. *City of San Jose*, 546 F.3d at 1092 (citation omitted). The recognized exceptional circumstances are limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id*. (quoting *Middlesex*

*County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982)).

All of the elements of *Younger* abstention exist in this case. First, Cole's allegations establish that the subject restraining order arises in an ongoing proceeding currently pending against her in state court.

Second, the restraining order implicates important state police power interests in protecting citizens from reasonable apprehension of bodily injury, a risk of harm, or being a victim of a crime. *See* Mont. Code Ann. § 40-15-201 (order of protection). This court should not interfere with those interests.

Third, with regard to Cole's opportunity to raise any issue, or to assert any constitutional right in the state court proceedings – matters that she is attempting to present to this Court – she would have to establish "that state procedural law bar[s] presentation of [her] claims[]" in the state court proceedings. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (quoting *Moore v. Sims*, 442 U.S. 415, 432 (1979)). Cole cannot do so in this case. She has available to her procedural opportunities and remedies under Montana law for challenging the propriety of the order of protection imposed against her, including an appeal to the Montana Supreme Court. *See e.g. Lockhead v. Lockhead*, 314 P.3d 915 (Mont. 2013).

Fourth, Cole expressly requests this Court dismiss Judge Townsend's

8

restraining order. Thus, this federal court action would interfere with the state court proceedings in a way that *Younger* prohibits.

Finally, Cole's allegations do not plausibly suggest exceptional circumstances exist that would render *Younger* abstention inapplicable. Consequently, the Court should abstain from exercising jurisdiction over Cole's claims.

## III. Conclusion

Based on the foregoing, IT IS HEREBY RECOMMENDED that this action be DISMISSED. And the Court finds the defects in Cole's allegations could not be cured by an amended pleading and, therefore, the dismissal should be without leave to amend.

DATED this 27th day of April, 2017.

_____
Jeremiah C. Lynch
United States Magistrate Judge